

**ORDERED in the Southern District of Florida on April 3, 2012.**

**Erik P. Kimball, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

In re:

**KIM B. CARIO,**                                   **CASE NO. 10-38586-EPK**
                                                    **CHAPTER 7**

      **Debtor.**
_____/

**MICHAEL R. BAKST, Trustee**
**in Bankruptcy for Kim B. Cario,**                **ADV. NO. 10-03822-EPK**

      **Plaintiff,**

v.

**LOIS M. CARIO,**

      **Defendant.**
_____/

**<u>ORDER ON MOTIONS FOR SUMMARY JUDGMENT</u>**

As of the petition date in this case, Kim B. Cario (the "Debtor") and her mother, Lois

M. Cario (the "Defendant"), each held an undivided one-half interest in a residential

condominium located in Jupiter, Florida (the "Real Property").  The Defendant acquired the

Real Property in 2006 and later executed a quitclaim deed to herself and the Debtor as joint

tenants.  The quitclaim deed states that it was for "estate purposes."  Other than this

notation on the deed, there is nothing in the record to show that the deed was intended as

anything other than a present transfer of a property interest to the Debtor.  The Defendant

argues that the Debtor held her one-half interest in the Real Property in trust for the

Defendant, under a theory of constructive or resulting trust.  Michael R. Bakst, the chapter

7 trustee in this case (the "Trustee"), seeks a ruling from this Court that the estate holds an

undivided one-half interest in the Real Property, free of any claim of the Defendant, and an

order authorizing the Trustee to sell the Real Property, pay one-half of the net proceeds to

the Defendant and retain the remainder of the proceeds for administration in this case.  For

the reasons stated below, the Court determines that the Trustee has the rights of a bona

fide purchaser for value under section[1] 544(a)(3), that the notation on the quitclaim deed

does not trigger a duty of the Trustee to inquire about the Defendant's claimed equitable

right in the one-half interest conveyed to the Debtor, that even if the equitable interest

claimed by the Defendant is valid it is junior to the interest of the Trustee as a bona fide

purchaser, and thus the Trustee is entitled to a ruling that the estate holds an undivided

one-half interest in the Real Property free of any claim of the Defendant.  The Court also

determines that the failure of the Debtor to obtain condominium association approval of the

transfer to her is not fatal to the Trustee's claims in this case.  Consequently, as set forth

more fully below, the Court will grant partial summary judgment in favor of the Trustee

and will deny the Defendant's motion for summary judgment.

---

[1] The words "section" and "sections" refer to sections of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*.

In the complaint, the Trustee seeks (a) a judgment determining that the estate owns an undivided one-half interest in the Real Property free and clear of any claim of the Defendant and that the Defendant owns an undivided one-half interest in the Real Property (Count I); (b) a judgment pursuant to Fla. Stat. § 65 quieting title to the Real Property and determining that the estate and the Defendant each hold an undivided one-half interest in the real property (Count II); (c) a declaratory judgment to the effect that the Defendant owns an undivided one-half interest in the Real Property and the estate holds an undivided one-half interest in the Real Property that is property of the estate under section 541 which the Trustee shall be free to administer without interference by the Defendant (Count III); (d) an order directing the sale of the Real Property and distribution of the proceeds therefrom pursuant to section 363(h) (Count IV); and (e) a judgment directing partition  and sale of the Real Property, and distribution of the proceeds therefrom, pursuant to Fla. Stat. § 64 (Count V).

The Defendant filed a motion for partial summary judgment on Counts I, II and III [ECF No. 44].  The Trustee responded with a cross-motion for summary judgment on Counts I, II, III and V [ECF No. 64].

The Real Property is located within the Tequesta Garden Condominium Association (the "Association").  The Association's duly recorded Declaration of Condominium, as amended, includes certain restrictions limiting ownership of units to those aged fifty-five and older.  When the Defendant initially obtained title to the Real Property in 2006, a Certificate of Approval of the Association was recorded concurrent with the recording of her deed.

On December 29, 2006, the Defendant executed a quit-claim deed from "LOIS M. CARIO, a single woman", to "LOIS M. CARIO, a single woman and KIM B. CARIO, a single woman, as joint tenants with rights of survivorship" (the "2006 Deed").  The 2006 Deed

3

contains the notation "**This QUIT CLAIM DEED is being prepared for Estate Purposes**". This text appears immediately after the property description on the 2006 Deed. The 2006 Deed was recorded in Palm Beach County on January 18, 2007. At that time the Debtor was under the age of fifty-five. No documentation of approval of the Association was recorded in connection with the 2006 Deed.

On September 23, 2010, the Debtor filed a voluntary petition commencing the above-captioned chapter 7 case. The Debtor listed the Real Property on her Schedule A and indicated the nature of her interest as a "joint tenant." The Debtor listed the Real Property on her Schedule C and claimed it exempt as her homestead.

The Trustee objected to the Debtor's claim of homestead exemption for the Real Property. The Debtor had testified at her section 341 meeting of creditors that she did not live in the Real Property, she had no intention of living in the Real Property, and she only claimed it as exempt on the instruction of her petition preparer. The Court sustained the Trustee's objection to the Debtor's claimed homestead exemption.

The Defendant argues that the Trustee cannot administer the Real Property because the bankruptcy estate holds, at most, only bare legal title to the Real Property. The Defendant argues that the one-half interest held by the Debtor was subject to a resulting trust or constructive trust for the benefit of the Defendant, and that the interest of the bankruptcy estate is thus limited under section 541(d). The Defendant also argues that the transfer evidenced by the 2006 Deed is void because the Association did not approve the transfer and thus the estate obtained no interest in the Real Property.

The Trustee argues that no resulting trust or constructive trust exists in favor of the Defendant. The Trustee also argues that, even if the Real Property is subject to a resulting trust or constructive trust in favor of the Defendant, there is nothing in the real property records to put the Trustee on constructive or inquiry notice of the Defendant's unrecorded

4

beneficial interest in the Real Property, the Trustee may set aside such resulting or constructive trust under section 544(a)(3), and so the Trustee may administer the one-half interest in the Real Property free of any claim of the Defendant.

Federal Rule of Civil Procedure 56(a), made applicable to this matter by Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party. *Id.*

The moving party has the burden of establishing that there is an absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets that burden, the burden shifts to the non-movant, who must present specific facts showing that there exists a genuine dispute of material fact. *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990) (citation omitted). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Id.* (*citing Anderson*, 477 U.S. at 252).

The commencement of a bankruptcy case creates an estate comprising substantially all legal and equitable interests of the debtor in property as of the petition date. 11 U.S.C. § 541(a). Property of the estate includes any interest in property that the trustee recovers under section 550. 11 U.S.C. § 541(a)(3). Property in which the debtor holds, as of the

commencement of the case, only legal title and not an equitable interest becomes property of the estate under sections 541(a)(1) or (2) only to the extent of the debtor's legal title to such property; the equitable interest does not become property of the estate. 11 U.S.C. § 541(d).

The Bankruptcy Code provides a chapter 7 trustee certain powers not generally available to a creditor under applicable non-bankruptcy law. One of the most significant of these powers is that the trustee is imbued with the status of a bona fide purchaser of real property from the debtor as of the petition date. Section 544(a)(3) provides:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by
>
>      * * * *
>
>   (3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

A trustee's power as a hypothetical bona fide purchaser of real property under section 544(a)(3) is not limited by section 541(d). *Bakst v. Corzo (In re Corzo)*, 406 B.R. 154, 160 (Bankr. S.D. Fla. 2008) (discussing *City Nat'l Bank of Miami v. Gen. Coffee Corp. (In re Gen. Coffee Corp.)*, 828 F.2d 699 (11th Cir. 1987)). That is, a trustee may rely on his or her power under section 544(a)(3) even if the property right to be set aside would constitute a beneficial interest otherwise excluded from the bankruptcy estate under section 541(d). *Id.*

While the status of a trustee as a bona fide purchaser is established by federal statute, the effect of that status is determined under the law of the state in which the

subject property is located. *Id*. at 160-61 (citation omitted). Here, the Real Property is located in Florida and the applicable law is that of the state of Florida.

Florida Statutes section 695.01(1) addresses the transfer of interests in real property. It provides as follows:

> No conveyance, transfer, or mortgage of real property, or of any interest therein, nor any lease for a term of 1 year or longer, shall be good and effectual in law or equity against creditors or subsequent purchasers for a valuable consideration and without notice, unless the same be recorded according to law; nor shall any such instrument made or executed by virtue of any power of attorney be good or effectual in law or in equity against creditors or subsequent purchasers for a valuable consideration and without notice unless the power of attorney be recorded before the accruing of the right of such creditor or subsequent purchaser.

Fla. Stat. § 695.01(1). Under this provision, a transfer of real property or any interest in real property is not effective against subsequent purchasers for value and without notice unless it is recorded. A party with notice of an unrecorded interest takes title subject to such unrecorded interest. Under Florida law, notice of such an interest in real property may include inquiry notice. *Sapp v. Warner*, 141 So. 124, 127 (Fla. 1932) ("[A] person has no right to shut his eyes or ears to avoid information, and then say that he has no notice . . . [I]t will not suffice the law to remain willfully ignorant of a thing readily ascertainable by whatever party puts him on inquiry, when the means of knowledge is at hand.").

Section 544(a) provides that a trustee obtains the status of a hypothetical bona fide purchaser of real property "without regard to any knowledge of the trustee or of any creditor." A trustee's actual knowledge of an unrecorded right in real property does not preclude him or her from obtaining bona fide purchaser status under this provision. *S. Motor Co. v. Carter-Pritchett-Hodges, Inc. (In re MMH Automotive Group, LLC)*, 385 B.R. 347, 369-370 (Bankr. S.D. Fla. 2008) (citations omitted). However, while negating any actual knowledge of the trustee, section 544(a)(3) limits the trustee's rights to those transfers and interests that a bona fide

purchaser could set aside under applicable non-bankruptcy law. Because constructive or inquiry notice may defeat bona fide purchaser status under Florida law, a trustee's rights under section 544(a)(3) are similarly limited. *Id.*

The Defendant argues that the notation on the 2006 Deed, stating that the deed was being prepared for estate purposes, places the Trustee on inquiry notice of the Defendant's claimed equitable interest. The Defendant argues that the Trustee had a duty to make a reasonable inquiry as to the relative interests of the Debtor and the Defendant. The Defendant argues that if the Trustee had made such an inquiry he would have discovered that the Defendant purchased the Real Property solely with her own funds, that the Debtor paid no consideration for the one-half interest transferred to her, that the Debtor has never paid for maintenance or contributed to the upkeep of the Real Property, that the Debtor does not live at the Real Property[2], that the Debtor and Defendant did not intend the 2006 Deed to effect a present transfer of an interest in the Real Property, and that the Debtor and Defendant intended the 2006 Deed to act "like a will," as a probate-avoidance device. Thus, the Defendant argues, the Trustee has inquiry notice of the fact that the Debtor's one-half interest in the Real Property is subject to either a resulting trust or a constructive trust and the Trustee may not set aside the Defendant's claimed equitable interest under section 544(a)(3). The crux of the Defendant's argument is that the notation on the 2006 Deed, alone, required the Trustee to inquire as to whether the Defendant and Debtor intended the 2006 Deed to transfer a present interest in the Real Property to the Debtor.

---

[2] The fact that real property remains in possession of the grantor may constitute constructive or inquiry notice that the grantor retains an interest in the property. In this case, where the Debtor and Defendant hold title as joint tenants, the continued possession of the Real Property by the Defendant is not inconsistent with her existing title interest and does not place the Trustee on inquiry notice of the Defendant's claimed equitable interest. In any case, the Defendant did not raise this argument.

The Court need not determine whether the Defendant holds a right as beneficiary of a resulting or constructive trust under Florida law.  Assuming that the Defendant holds an equitable right in the one-half undivided interest in the Real Property transferred to the Debtor, the Trustee may set aside such interest under section 544(a)(3). *Bakst v. Corzo (In re Corzo)*, 406 B.R. 154, 160 (Bankr. S.D. Fla. 2008); *see also In re Sanchez-Villalba*, No. 10-29242, 2012 Bankr. LEXIS 710 (Bankr. S.D. Fla. Feb. 23, 2012) (under facts substantially identical to those presented here, holding that a bona fide purchaser would prevail over an unrecorded equitable interest under Florida law).  The notation on the 2006 Deed, by itself, is not sufficient to place the Trustee on inquiry notice, defeating the Trustee's status as a hypothetical bona fide purchaser.

On its face, the 2006 Deed conveys a one-half undivided interest in the Real Property to each of the Defendant and the Debtor as joint tenants with rights of survivorship.  There is no subsequently recorded instrument evidencing an equitable interest in favor of the Defendant.  There is nothing in the record to suggest that the 2006 Deed was not intended as a present transfer to the Debtor of an interest in the Real Property.  The notation on the 2006 Deed states only that it was prepared for estate purposes.  The Defendant's granting to the Debtor of a one-half interest in the Real Property with right of survivorship is consistent with an intent to have the Debtor become the sole fee owner of the Real Property upon the Defendant's death.  In other words, a present transfer of a one-half interest in the Real Property with right of survivorship is not inconsistent with sound estate planning.  The Defendant could have recorded in the record or included in the 2006 Deed an explicit statement to the effect that the Debtor was holding the one-half interest in the Real Property in trust for the Defendant.  Such a document or statement would have placed the Trustee on inquiry notice of the Defendant's equitable interest, thus defeating the Trustee's status as a bona fide purchaser under section

9

544(a)(3).  *See In re Sanchez-Villalba*, No. 10-29242, 2012 Bankr. LEXIS 710; *In re Corzo*, 406 B.R. at 161.  The notation on the 2006 Deed, in light of its other terms, does not rise to this level.  The Defendant's claimed equitable interest, whether a constructive trust or a resulting trust, may be set aside by the Trustee under section 544(a)(3).  The result is that the estate and the Defendant each hold an undivided one-half interest in the Real Property.

The Defendant also argues that the transfer to the Debtor represented by the 2006 Deed was void because the Debtor was not at least fifty-five years of age and did not obtain approval of the Association.  The Trustee argues that the Defendant herself initiated the transfer to the Debtor and should be prohibited, under theories of estoppel, waiver, and unclean hands, from arguing that her own act is void.  Alternatively, the Trustee argues that the Association is the appropriate entity to challenge the transfer and the Defendant lacks standing.

The Court agrees that it is not appropriate for the Defendant to transfer a one-half interest in the Real Property to her daughter, fail to question that transfer for a period of years, and then, only after the Trustee asserts an interest in the Real Property, claim that the transfer was void for lack of approval by the Association.  Because she herself effectuated the transfer, the Defendant is estopped from arguing that the transfer is void. In any case, it is the Association whose rights are affected by any failure to obtain approval and only the Association has the right to make this argument.  The Defendant lacks standing.

Even assuming the Defendant has standing to raise this issue and is not estopped from doing so, the Association's Declaration of Condominium, as amended, does not support the Defendant's assertion that the transfer at issue is void or even voidable in favor of the Defendant.

The Association's Declaration of Condominium addresses "sales" of units independently from "gifts" and "other transfers." The Defendant does not argue that the transfer evidenced by the 2006 Deed was a "sale" within the meaning of the Declaration of Condominium. The Debtor did not pay for her interest in the Real Property. It appears that the 2006 Deed represents a "gift" under the terms of the Declaration of Condominium.

The Association's Declaration of Condominium provides that the continuance of ownership of any unit owner acquiring title by gift is subject to approval of the Association. The recipient of title is to provide notice and proof of the acquisition to the Association. If the recipient of title fails to give the Association the required notice, then the Association may approve or disapprove the transaction or ownership upon the Association's obtaining knowledge of the relevant event. Within thirty days after receipt of notice of ownership, the Association must either approve or disapprove the continuance of the transferee's ownership of the unit. If the Association disapproves the continuance of the transferee's ownership of the unit, the Association must produce a buyer for the unit. If the Association does not produce a buyer or if the buyer furnished by the Association fails to purchase the unit, the Association is deemed to have approved the acquisition by the transferee. While an unauthorized sale, mortgage or lease of a unit not subsequently approved by the Association is deemed void under the Declaration of Condominium, the 2006 Deed is none of these things. Nothing in the Association's Declaration of Condominium suggests that a transfer by gift without Association approval is void or even voidable. At most, a transfer by gift without Association approval subjects the transferee to being dispossessed by a new owner selected by the Association. When the transfer is a gift under the Declaration of Condominium, as in this case, there is no provision requiring title to be returned to the transferor, unless the transferor happens to be the buyer produced by the Association. The lack of Association approval is not fatal to the transfer evidenced by the 2006 Deed.

Although the Trustee's Motion lists Count V of the Complaint in the opening paragraph and in the request for relief, the Trustee does not address any component of Count V in the body of the motion.

Accordingly, it is

ORDERED AND ADJUDGED that:

1.      The Defendant's motion for partial summary judgment [ECF No. 44] is DENIED.

2.      The Trustee's cross-motion for summary judgment [ECF No. 64] is GRANTED IN PART and DENIED IN PART to the extent provided herein.

3.      Summary judgment is granted in favor of the Trustee as to Count I of the Complaint.  Pursuant to the 2006 Deed, the bankruptcy estate of Kim B. Cario and Defendant Lois M. Cario each hold an undivided one-half fee simple interest in the Real Property.  The interest of the bankruptcy estate is free and clear of any claim of right, title, interest, or lien of the Defendant Lois M. Cario.

4.      Summary judgment is granted in favor of the Trustee as to Count II of the Complaint seeking an order quieting title to the subject Real Property.  Pursuant to the 2006 Deed, the bankruptcy estate of Kim B. Cario and Defendant Lois M. Cario each hold an undivided one-half fee simple interest in the Real Property.  The interest of the bankruptcy estate is free and clear of any claim of right, title, interest, or lien of the Defendant Lois M. Cario.

5.      Partial summary judgment is granted in favor of the Trustee as to Count III of the Complaint seeking a declaratory judgment and injunctive relief.  Pursuant to the 2006 Deed, the bankruptcy estate of Kim B. Cario and Defendant Lois M. Cario each hold an undivided one-half fee simple interest in the Real Property.  The interest of the

bankruptcy estate is free and clear of any claim of right, title, interest, or lien of the Defendant Lois M. Cario.  To the extent Count III of the Complaint seeks to enjoin the Defendant from interfering with the Trustee's administering the Real Property, there is no evidence that the Defendant has interfered with the Trustee and summary judgment is not proper as to this component of Count III.

6.      Summary judgment is denied as to Count V of the Complaint.

7.      The Court will withhold entering judgment in this adversary proceeding pending resolution of the remainder of Count III and Counts IV and V of the Complaint.

###

Copies Furnished To:

All counsel of record by the Clerk

13